ASSOCIATED BUILDERS &
CONTRACTORS, INC.,
et al., Plaintiffs,

v.

Robert REICH, et al., Defendants.

Civil Act. No. 96–2625(SS).

United States District Court,
District of Columbia.

Sept. 19, 1997.

Maurice Baskin, John C. Hardwick, Jr., Venable, Baetjer, Howard & Civiletti, L.L.P., Washington, DC, for Plaintiffs.

Gregory W. Addington, Asst. U.S. Atty., Mary Lou Leary, U.S. Atty. (J. Davitt McAteer, Acting Solicitor of Labor, Charles D. Raymond, Associate Solicitor for Employment and Training Legal Services, Gary E. Bernstecker, Herman J. Narcho, of counsel), for Defendants.

Terry R. Yellig, Sherman, Dunn, Cohen, Leifer & Yellig, Washington, DC, for Amicus Curiae Building and Construction Trades Department, AFL–CIO.

## MEMORANDUM OPINION

SPORKIN, District Judge.

### INTRODUCTION

This case involves plaintiffs' challenge to defendants' ad hoc decision withholding the approval and registration of plaintiff Grinnell's proposed unilateral apprenticeship training program and denying the registration of Grinnell's striker "replacement" employees in existing external approved apprenticeship training programs until the National Labor Relations Board (NLRB) determines whether Grinnell has engaged in unfair labor practices. The parties in this case filed cross-motions for summary judgment. Amicus Curiae Building and Construction Trades Department. AFL–CIO, filed a brief in support of defendants' motion and in opposition to plaintiffs' motion. A hearing was held on the cross-motions on May 12, 1997. On May

28, 1997, the Court issued an Opinion remanding the case to the Bureau of Apprenticeship and Training (BAT) for reconsideration of its ad hoc decision, in order to ensure that the BAT properly had considered the interests of apprentices and the public.

On August 4, 1997, defendants submitted to the Court four letters issued to plaintiffs on July 24, 1997, explaining how the BAT considered the interest of the apprentices and the public in reaching its decision. The record is now complete as to the BAT's basis for its decision. The issues in this case have been fully briefed and no further pleadings from the parties or Amicus Curiae are warranted. Accordingly, the Court will render its decision based on the entire record herein and the law applicable thereto.

## BACKGROUND

The United States Department of Labor (DOL) runs an apprenticeship program under the National Apprenticeship Act, which authorizes and directs the Secretary of Labor to

> formulate and promote the-furtherance of labor standards necessary to safeguard the welfare of apprentices,[1] to extend the application of such standards by encouraging the inclusion thereof in contracts of apprenticeship, to bring together employers and labor for the formation of programs of apprenticeship, to cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship....

29 U.S.C. § 50. Accordingly, the Secretary has promulgated implementing regulations covering, *inter alia*, the registration, cancellation, and deregistration of apprenticeship programs through the BAT and the DOL. *See* 29 C.F.R. Part 29.

In 23 states, apprenticeship programs are registered and monitored through the BAT. In the remaining states and the District of Columbia, the BAT has delegated-its authority to register and monitor apprenticeship programs to a recognized State Apprenticeship Agency or Council ("SAC"). To register a program with either the BAT or a SAC ("registration agency") a sponsor[2] may designate an "apprenticeship committee," to administer the program. 29 C.F.R. § 29.2(i). A committee may be "joint," i.e., composed of an equal number of representatives of the employer(s) and of the employees represented by a bona fide collective bargaining agent (s). A committee also may be "unilateral" or "non-joint," i.e., a program sponsor in which a bona fide collective bargaining agent is not a participant. 29 C.F.R. § 29.2(i).

Regardless of who administers an apprenticeship program, it must conform to regulatory standards. 29 C.F.R. § 29.5. And, any modification or change to a registered program first must be submitted to an appropriate registration agency for approval. 29 C.F.R. § 29.3(g).

The DOL has implemented regulations pursuant to the Davis–Bacon Act 40 U.S.C. § 276a—276a–5 (1994), which affect the wages of apprentices. 29 C.F.R. § 1, 5, 541 (1995). These regulations allow an employer to pay an apprentice a wage below the prevailing wage "when they are employed pursuant to and individually registered in a bona fide apprenticeship program registered with [the BAT] or with a[SAC] recognized by the Bureau...." 29 C.F.R. § 3.5(a)(4).

In April 1994, Grinnell and the Road Sprinkler Fitters Local Union No. 669 (Local 669) began a strike. Compl. ¶ 26. The NLRB, after initiating an investigation that

---

1. An "apprentice" is a worker at least 16 years old who is employed to learn a skilled trade that has the following characteristics:
   (a) it is customarily learned in a practical way through a structured, systematic program of on-the-job supervised training.
   (b) It is clearly identified and commonly recognized throughout an industry.
   (c) It involves manual, mechanical or technical skills and knowledge which require a minimum of 2,000 hours of on-the-job work experience.

   (d) It requires related instruction to supplement the on-the-job training.
   29 C.F.R. §§ 29.2 and 29.4.

2. "Sponsor" is defined in the regulations as "any person, association, committee, or organization operating an apprenticeship program and in whose name the program is (or is to be) registered or approved." 29 C.F.R. § 29.2(g). Under the regulations, an "apprenticeship committee" may also be a sponsor.

gave both Grinnell and Local 669 an opportunity to present evidence and arguments, filed a complaint alleging that Grinnell had engaged in unfair labor practices by failing to bargain to impasse and changing the terms and conditions of employment unilaterally. Defs, Mot. for Summ. Jud. at Exh. 1.

Grinell informed the DOL that it wished to provide apprenticeship training under the NAA for its striker replacement employees. Pls' Mem. for Prelim. Inj. at Exh. C. By letter dated May 30, 1996, as amended on June 10, 1996, and in accordance with the decision in *Associated Builders & Contractors v. Reich,* 922 F.Supp. 676, 682 (D.D.C. 1996), the BAT issued an ad hoc decision, deferring further consideration of Grinnell's requests until the National Labor Relations Board determined, in the context of its unfair labor practice proceeding, whether Grinnell had bargained to impasse with Local No. 669.[3] In making its ad hoc decision, the BAT base. its decision on its interpretation of 29 C.F.R. Part 29.3(h). That regulation provides

> (h) Under a program proposed for registration by an employer or employers' association, where the standards, collective bargaining agreement or other instrument, provides for participation by a union in any manner in the operation of the substantive matters of the apprenticeship program, and such participation is exercised, written acknowledgment of union agreement or "no objection" to the registration is required. Where no such participation is evidenced and practiced, the employer or employers' association shall simultaneously furnish to the union, if any, which is the collective bargaining agent of the employees to be trained, a copy of its application for registration and of the apprenticeship program. The registration agency shall provide a reasonable time period of not less than 30 days nor more than 60 days for receipt or union comments, if any, before final action on the application for registration and/or approval.

29 C.F.R. § 29.3(h).

The plaintiffs allege that the BAT's ad hoc decision violates the Administrative Procedures Act (APA), 5 U.S.C. § 701, the National Apprenticeship Act (NAA), 29 U.S.C. § 50, the National Labor Relations Act (NLRA), 29 U.S.C. § 158, and the Davis–Bacon Act (DBA), 40 U.S.C. § 276a. The plaintiffs seek to enjoin the BAT from enforcing its ad hoc decision and to compel the BAT to begin approving apprenticeship training for Grinnell's employees.

## DISCUSSION

Under the APA, the Court may set aside agency actions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706. The Court will not disturb an agency action if it reflects a permissible statutory construction. *City of Kansas City v. Department of Housing and Urban Dev.,* 923 F.2d 188, 191 (D.C.Cir.1991). However, when an agency action is inconsistent with statutory authority or with the agency's own valid regulations, courts have exercised their jurisdiction to enjoin the agency action. *See Tom Mistick & Sons, Inc. v. Reich,* 54 F.3d 900 (D.C.Cir. 1995).

■ As this Court has previously held, the NAA is an act "to safeguard the welfare of apprentices." 29 U.S.C. § 50. It was enacted to remedy the fact that men and women employed in skilled trades were not receiving organized training, to the detriment of this Nation's economic progress. H.R. 945, 75th Cong., 1st Sess., at 2–3. The NAA further was intended to bring employers and labor unions together for the benefit of apprentices and the public. *Id.* at 3. The Court's overriding concern in this case has been to preserve the interests of the NAA's intended beneficiaries.

Plaintiff Grinnell wishes to register its own unilateral apprenticeship program or, at a minimum, to compel the defendants to permit: its employees to participate in existing external approved apprenticeship programs.

---

3. On January 16, 1996, the Administrative Law Judge found that the plaintiffs violated the National Labor Relations Act based on its failure to bargain to impasse. The National Labor Relations Board has not yet rendered its decision.

## I. THE COURT WILL UPHOLD THE AD HOC DECISION TO DEFER THE REGISTRATION OF GRINNELL'S UNILATERAL APPRENTICESHIP PROGRAM BECAUSE THAT DECISION IS LAWFUL.

### A. THE AD HOC DECISION DOES NOT VIOLATE THE APA.

■ There was no statute, regulation, or policy[4] covering the request of Grinnell to register its unilateral program. Thus, the BAT faced an issue of first impression when it deferred Grinnell's request to register a unilateral apprenticeship program until the NLRB could render a determination in its unfair labor proceeding.

The BAT based its decision on 29 C.F.R. § 29.3(h), which is applicable to the registration of new apprenticeship programs under circumstances where there is a union present and a collective bargaining agreement in effect. That section requires that as a condition for BAT approval, a union must agree or not object to the registration of an apprenticeship program when there is a collective bargaining agreement that provides for the union's participation.

Grinnell is attempting to register a unilateral program during a strike when, prior to the strike, there was a joint program under a collective bargaining agreement. The BAT reasoned that if Grinnell had not bargained to impasse, as the NLRB alleged and as the NLRA requires, then the terms and conditions of the existing collective bargaining and apprenticeship agreements would be found to continue in effect and Local 669 would maintain its right to participate in the existing joint apprenticeship program in accordance with § 29.3(h). Under these circumstances, where there is a substantial possibility that the terms and conditions of the collective bargaining agreement remain in effect, BAT reasonably interpreted its regulations in deferring Grinnell's request until the NLRB

resolved the question whether Grinnell bargained to impasse.

### B. THE AD HOC DECISION DOES NOT VIOLATE THE NLRA.

Plaintiffs assert that the ad hoc decision interferes with Grinnell's rights under the NLRA by interfering with its ability to hire striker replacements. However, BAT's policy does not preclude Grinnell from hiring replacements; rather, it temporarily precludes registration of Grinnell's proposed program. And, as the Court will hold herein, the replacement workers may participate in existing external approved apprenticeship programs.

The NLRA requires Grinnell to bargain to impasse. The BAT's regulation at 29 C.F.R. § 29.3(h) requires agreement or no objection by a union before the BAT may register a employer's apprenticeship program. By deferring its decision to register Grinnell's program, the BAT has avoided a possible violation of its own regulations while awaiting the NLRB's decision whether Grinnell has violated the NLRA. The Court finds that the BAT's decision is consistent with the NLRA and existing regulations and policies.

### C. THE AD HOC DECISION DOES NOT VIOLATE THE NAA.

The NAA directs the Secretary of Labor to bring together employers and labor for the formulation of programs of apprenticeship. As this Court has before noted, the purpose of the NAA is to safeguard the welfare of apprentices and the public. While the BAT points out that a decision either way in this case could benefit some individual apprentices and harm others, the BAT has concluded that its decision here benefits the apprenticeship program generally and furthers the goals of the NAA by protecting an established joint apprenticeship program. The Court does not dispute this conclusion.

---

4. BAT Circular 84–10 discusses how to implement 29 C.F.R. § 29.3(h) and provides that BAT may not deny registration of an apprenticeship program solely on the basis of a labor dispute. Here, there is not merely a labor dispute, but a NLRB charge and known faces suggesting a substantial possibility that the terms and conditions of a collective bargaining agreement remain in effect. Thus, Circular 84–10 does not specifically apply to this situation. Furthermore, the enforceability of the Circular remains in question because it was not published for notice and comment.

### D. THE AD HOC DECISION DOES NOT VIOLATE THE DBA.

The DBA permits apprentices who are enrolled in an apprenticeship program registered by BAT to be paid less than the prevailing wage. The DBA does not speak to the standards for the registration of apprenticeship programs. The BAT's deferral action does not violate any provision of the DBA.

### II. THE COURT WILL ORDER DEFENDANTS TO–PERMIT GRINNELL EMPLOYEES TO PARTICIPATE IN EXISTING EXTERNAL APPROVED APPRENTICESHIP PROGRAMS.

■ At oral argument on September 17, 1997, plaintiffs complained that the defendants have gone beyond withholding approval of Grinell's proposed program. Plaintiffs claim that the defendants actions apply to all of Grinnell's employees whether they wish to register for Grinnell's proposed program or wish to enter an existing external approved program The defendants have conceded that their ruling extends this broadly.

Here, the defendants have gone much too far. Under no circumstances can the defendants rationalize their action as being consistent with the NAA. By preventing new entrants into the workforce—who are not part of this, labor dispute—from receiving apprenticeship training under the NAA, the defendants are effectively punishing innocent workers. Such action by the defendants certainly gives the appearance that they are taking sides in the labor dispute. What is more, as to this facet of the case, the defendants are not discharging their responsibilities under the NAA.

Once again, the Court reminds the parties that the NAA was promulgated to further the interest of apprentices and this Nation by ensuring that men and women entering a particular labor market receive appropriate and needed apprenticeship training. The NAA is not to be employed by the defendants as a weapon against one side or the other in a labor dispute. It is hoped that the defendants will recognize that the decisions they make pursuant to the NAA must promote the best interests of the individuals who are the intended beneficiaries of the act. The defendants must discharge their responsibilities under the NAA impartially.

The action by the defendants prohibiting Grinnell's employees from participating in existing external approved apprenticeship programs is contrary to the NAA, which is to ensure that apprenticeship training takes place. The Court will hold that the defendants ruling, to the extent that Grinnell's employers are prevented from registering in existing external approved apprenticeship programs, is arbitrary and capricious and contrary to law. Thus, the Court will order that Grinnell's employees will be permitted to participate in existing external approved programs.

### CONCLUSION

The Court will uphold the BAT's decision to defer the approval and registration of Grinnell's unilateral apprenticeship program. The Court will order defendants to permit Grinnell employees to participate in existing external approved apprenticeship programs. The Court will issue an order of even date herewith, consistent with this Memorandum Opinion.

\*   \*   \*   \*   \*   \*

Resolution of this dispute rests on the decision of the NLRB as to whether Grinnell has committed an unfair labor practice by not bargaining to impasse. The complaint was filed at the NLRB on March 29, 1995. The Court does not understand why an administrative agency should take so long in resolving a dispute. An administrative agency must constantly remind itself that it will become irrelevant if it does not act responsibly within a reasonable period of time. It has now been over two years since the complaint was filed before the NLRB. This would seem to be entirely too long a period for consideration of this relatively simple case. The Court truly hopes that a final decision can be rendered by the NLRB within 90 days of this Memorandum Opinion.

### ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 18 day of September, 1997,

ORDERED that the defendants will be, and hereby are, directed to permit Grinnell employees to register in existing external approved apprenticeship programs; and it is

FURTHER ORDERED that the BAT's decision to defer the registration of Grinnell's unilateral apprenticeship program will be, and hereby is, UPHELD; and it is

FURTHER ORDERED that all extant motions will be, and hereby are, declared MOOT; and it is

FURTHER ORDERED that the above-captioned case will be, and hereby is, DISMISSED from the dockets of this Court, without prejudice to the right of the plaintiffs to re-open this case if the NLRB does not issue its final decision in this matter within 90 days of the date of this Order.