**INDEPENDENT ROOFING CONTRACTORS, et al., Plaintiff–Appellant,**

and

**Roofers Union Local 81, Intervenor,**

v.

**Elaine CHAO, et al., Defendants–Appellees.**

No. 06–16983.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2008.

Filed Nov. 14, 2008.

Mark Russell Thierman, Thierman Law Firm, Reno, NV, for Plaintiff–Appellant.

Roberta D. Perkins, David A. Rosenfeld, Weinberg Roger & Rosenfeld, Alameda, CA, for Intervenor.

Claire Truxaw Cormier, Esquire, Assistant U.S., Office of the U.S. Attorney, San Jose, CA, Mary J. Rieser, Esquire, LABR—U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Defendants–Appellees.

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK, District Judge.*

MEMORANDUM **

Independent Roofing Contractors Council Apprentice Training Fund, *ex rel.,* Royal Roofing, Inc., appeals the district court's order granting summary judgment against it and affirming the Department of Labor's ("DOL") decision. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's decision.

Royal Roofing was a non-union roofing contractor on four federally funded construction projects. The Davis–Bacon Act ("DBA") requires contractors on federally funded projects to pay employees the "prevailing wage." The prevailing wage may be paid in cash, bona fide fringe benefits, or a combination of the two. 40 U.S.C.

---

* The Honorable John W. Sedwick, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 3142(d). Royal Roofing was one of thirty-five members of the Independent Roofing Contractors Council Apprentice Training Fund ("IRCC Fund"). The IRCC Fund administered and funded a roofer apprentice training program which continued year-round on both DBA and private projects. Participating in the IRCC Fund let contractors pay registered apprentices less than journeyman wages on DBA projects and receive DBA credit for contributions to the IRCC Fund.

In 1997, DOL Wage and Hour Investigator Kristi Hollenbeck investigated Royal Roofing's performance on its DBA contracts in 1996 and 1997. Hollenbeck concluded that Royal Roofing violated the DBA by claiming excessive credit for its contributions to the IRCC Fund and thus not paying employees the prevailing wage. Because Royal Roofing only contributed to the Fund during DBA projects, Hollenbeck recalculated its DBA credit using "annualization"—dividing Royal Roofing's total contributions to the IRCC Fund for the year by the total hours its employees worked on both DBA and private jobs. Hollenbeck used Royal Roofing's total contributions to the IRCC Fund because she did not have the information to determine the amount of contributions that were reasonably related to apprentice training. Hollenbeck determined that Royal Roofing was entitled to a $0.50 per hour DBA credit.

In addition, Hollenbeck found that 12 of the 28 employees Royal Roofing paid as apprentices were not registered as apprentices with California's Division of Apprenticeship Standards ("DAS"). Hollenbeck concluded that those 12 employees were entitled to journeyman wages for their work on DBA projects. By deducting the $0.50 per hour credit and adding the wages the 12 employees should have received, Hollenbeck calculated that Royal Roofing owed $76,245.55 in back wages. The Wage and Hour Division Administrator ("Administrator") ordered $76,245.55 withheld from Royal Roofing's federal contract payments.

Royal Roofing requested a hearing by an administrative law judge ("ALJ"). Applying the reasonable relationship standard set out in *Miree Construction Corp. v. Dole*, 930 F.2d 1536 (11th Cir.1991), the ALJ concluded that Royal Roofing's contributions to the IRCC Fund were unreasonably excessive. *Miree*, 930 F.2d at 1543 (holding that "an employer may only receive Davis–Bacon credit for contributions that are reasonably related to the cost of the training provided"). Again citing *Miree*, the ALJ used annualization to determine Royal Roofing's DBA credit. *Id.* at 1546 ("[I]f an employer chooses to make contributions to a year-long training program ... as part of its Davis–Bacon compensation program, such contributions can only be credited on an annualized basis.") In addition, the ALJ found that the 12 unregistered employees were entitled to journeyman wages for their DBA work. The ALJ ordered the $76,245.55 withheld from Royal Roofing's federal contracts to be paid to its employees as back wages.

Royal Roofing appealed the ALJ's decision to the Administrative Review Board ("ARB"). The ARB affirmed.

After Royal Roofing was discharged in bankruptcy, the IRCC Fund as "surety in fact" sought judicial review of the ARB's decision under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. By decision dated September 18, 2006, the district court granted summary judgment to the Secretary and affirmed the ARB's final order. The district court held that the ARB: 1) reasonably concluded that the *Miree* standard applied to this case; 2) did not act arbitrarily, capriciously, or abuse its discretion in concluding that Royal

Roofing violated the DBA because its contributions to the IRCC Fund "bore no reasonable relation to apprenticeship expenditures;" 3) reasonably used annualization in determining Royal Roofing's DBA credit; and 4) appropriately calculated Royal Roofing's DBA credit. The district court noted that while an employer should only receive DBA credit for contributions reasonably related to apprentice training, the ARB used its discretion to Royal Roofing's benefit by approving a more generous credit. The IRCC Fund timely appealed the district court's order granting summary judgment against it.

We review the district court's grant of summary judgment de novo. *Louis v. U.S. Dep't of Labor,* 419 F.3d 970, 973 (9th Cir.2005). An agency's decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under this highly deferential standard of review, we determine whether the agency "considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.,* 499 F.3d 1108, 1115 (9th Cir.2007) (internal quotation and citation omitted). We affirm the agency's decision if there is a reasonable basis for it. *Id.*

▮ On appeal, the IRCC Fund does not contest the ARB's application of the reasonable relationship standard. Rather, citing *Tom Mistick & Sons, Inc. v. Reich,* 54 F.3d 900 (D.C.Cir.1995), the IRCC Fund argues that all of Royal Roofing's contributions to the Fund were reasonably related to the costs of apprentice training. The facts in *Mistick* are distinguishable. In *Mistick,* the contractor contributed to a separate interest bearing trust account for each employee to purchase fringe benefits. When their employment ended, employees could withdraw the balance in their trust accounts. Administrative costs were not deducted from the accounts. Thus, each employee received the full value of each dollar contributed by Mistick. *Id.* at 904. In *Miree,* as in the case at bar, the employer sought DBA credit for all of its contributions to an apprentice training fund, even though not all contributions were used for apprentice training. Because the facts of this case are like the facts in *Miree,* the ARB's application of the *Miree* reasonable relationship standard was not arbitrary, capricious or an abuse of its discretion.

▮ The IRCC Fund next argues that the ARB's use of annualization to determine Royal Roofing's DBA credit was inappropriate because *Miree* is not DOL policy. To the contrary, DOL has a long history of applying annualization to determine DBA credit for contributions made to fringe benefit plans. *Miree Constr. Corp. v. Dole,* 730 F.Supp. 385, 393 n. 20, *aff'd,* 930 F.2d 1536 (11th Cir.1991). More recently, DOL ruled that if an employer provides a year-long benefit, annualization is required to ensure "that a disproportionate amount of that fringe benefit is not paid out of wages earned on government Davis–Bacon work." *Cody–Zeigler, Inc. v. Adm'r,* 9 Wage & Hour Cas.2d (BNA) 557, 572 (2003) (quoting *Miree,* 930 F.2d at 1546).

Here, the ARB applied annualization because apprentice training continued year-round but Royal Roofing contributed to the IRCC Fund only for DBA projects. The ARB concluded that Royal Roofing paid a disproportionate amount of apprentice training costs out of wages earned on DBA projects, thus underpaying employees for DBA work. We conclude that the ARB had a reasonable basis for its use of annualization.

Relying on *Mistick,* the IRCC Fund next argues that annualization is not required. The IRCC Fund's reliance on *Mistick* is erroneous. In *Mistick,* the court found that annualization was not required because Mistick contributed to a fringe benefit plan for employees' DBA work and to a non-DBA plan for employees' private work. *Mistick,* 54 F.3d at 905 n. 4. Here, Royal Roofing paid all of the IRCC Fund's costs out of wages earned on DBA work.

The IRCC Fund next asserts that the ARB's use of annualization was inappropriate because apprenticeship is not a yearly benefit to employees. The ARB reasonably rejected this argument on the grounds that the IRCC Fund benefited apprentices by providing year-round training and benefitted journeymen by allowing non-union roofers to employ apprentices at lower wages and thus compete with union roofers for more jobs.

Finally, the IRCC Fund argues that annualization was improper because multi-employer apprenticeships are not a "private work benefit to the employer." This argument is inapposite because the DBA "was not enacted to benefit contractors, but rather to protect their employees from substandard earnings." *United States v. Binghamton Constr. Co.,* 347 U.S. 171, 177, 74 S.Ct. 438, 98 L.Ed. 594 (1954). For the above reasons, the ARB's use of annualization was not arbitrary, capricious, or an abuse of its discretion.

The IRCC Fund alternatively argues that the ARB incorrectly applied annualization because it determined that not all of Royal Roofing's contributions to the IRCC Fund were reasonably related to the costs of apprentice training. This argument fails because the ARB affirmed an annualization calculation that included all of Royal Roofing's contributions to the IRCC Fund, thus any error in the ARB's calculation clearly inured to Royal Roofing's benefit.

■ Finally, the IRCC Fund argues that the ARB erroneously found that Royal Roofing failed to prove that 12 employees were properly registered apprentices because Royal Roofing produced apprentice agreement forms signed by the 12 employees. California regulations define "Registration of an Apprenticeship Agreement" as the "acceptance and recording thereof by [DAS] which serves as evidence of the participation of the apprentice in a specific apprenticeship program." Cal. Code Regs. tit. 8, § 205(d) (2007). Because Royal Roofing failed to provide any evidence that the apprentice agreement forms were accepted and recorded by DAS, the ARB reasonably determined that the 12 employees were not properly registered as apprentices and were entitled to receive journeyman wages for their DBA work during the period at issue.

**AFFIRMED.**